[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14524
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00168-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO LOPEZ-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2010)

Before EDMONDSON,  BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Alfredo Lopez-Martinez was convicted of illegally reentering the United States as a deported or removed felon, in violation of 8 U.S.C. § 1326(a) and (b)(1), and of illegally entering the United States, in violation of 8 U.S.C. § 1325(a)(1). The district court sentenced Lopez-Martinez to 60 months imprisonment. He challenges the procedural and substantive reasonableness of his sentence.

## I.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we must " 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.' " Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances, "including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51, 128 S. Ct. at 597.

Lopez-Martinez contends that the district court committed procedural error by failing to consider all the § 3553(a) factors. We disagree. The district court discussed several of them on the record and before imposing a sentence it stated that it had "consider[ed] the advisory guidelines and all the factors identified in Title 18 of the United States Code, Section 3553(a)1 through 7." The district court's acknowledgment that it had considered the § 3553(a) factors "alone is sufficient in post-Booker sentences." United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005).

Despite that acknowledgment, Lopez-Martinez contends that the district court did not consider § 3553(a)(2)(D): "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). At sentencing, the district court stated: "I don't find anything with regard to providing him with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. That factor doesn't play into my assessment here nor do the other ones." Based on that statement, Lopez-Martinez asserts the district court expressly refused to consider § 3553(a)(2)(D). A careful review of the record makes clear that the district court considered § 3553(a)(2)(D) but concluded that Lopez-Martinez's sentence should

3

not be adjusted on that ground.

Lopez-Martinez also contends that the district court procedurally erred by considering his earlier convictions for illegally re-entering the United States in applying the § 3553(a) factors. Because those convictions were already taken into account in calculating his advisory guidelines range, he argues that the district court impermissibly "doubt-counted" those convictions. We rejected a similar argument in United States v. Amedeo, 487 F.3d 823 (11th Cir. 2007). As in Amedeo, Lopez-Martinez "points to no authority that deems it impermissible for [a] district court to . . . have considered [conduct already accounted for in a Guidelines enhancement] in imposing a variance in light of the factors set forth in § 3553(a)." Id. at 833–34. We conclude that no procedural error occurred.

Lopez-Martinez also challenges the substantive reasonableness of his 60-month sentence. He argues that his sentence is greater than necessary to achieve the purposes of sentencing because it is five times longer than the longest sentence he has received in the past—a sentence of 1 year and 1 day. We cannot say that Lopez-Martinez's 60-month sentence—a sentence half the statutory maximum—is substantively unreasonable. Although he has been deported four times, Lopez-Martinez continues to violate the United States' immigration laws by illegally re-entering this country. The mere fact that Lopez-Martinez has received more

lenient sentences in the past does not make his sentence substantively unreasonable. Accordingly, we affirm the district court's sentence.

**AFFIRMED.**